IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLIE B. BUCKHOLTS, SR., <br><br> Petitioner <br><br> VS. <br><br> ALEXIS E. L. CHASE, WARDEN, <br><br> Respondent | NO. 5:10-CV-197 (MTT) <br><br><br> PROCEEDINGS UNDER 28 U.S.C. §2254 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is respondent Alexis E. L. Chase's motion seeking dismissal of the above-captioned habeas corpus petition. Tab #10. Therein, respondent Chase contends that the instant petition is subject to dismissal under provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d), as untimely filed. Petitioner Charlie B. Buckholts, Sr. has filed a response to the motion. Tab #14. The motion is ripe for review.

## FACTUAL AND PROCEDURAL HISTORY

On October 26, 2004, petitioner Buckholts was indicted by a Houston County, Georgia Grand Jury for the offenses of Trafficking in Cocaine and Following Too Close. At the conclusion of his jury trial, he was found guilty of both charges. On April 21, 2005, he received a sentence of forty (40) years— twenty (20) years in confinement and twenty (20) years on probation. On May 16, 2005, the petitioner filed a motion seeking a new trial which he amended on December 29, 2005. On March 3, 2006, his request for a new trial was denied. On March 30, 2006, he filed a direct appeal. On January 11, 2007, the Georgia Court of Appeals affirmed his convictions. *See Buckholts v. State*, 283 Ga. App. 254 (2007).

On December 5, 2007, the petitioner filed a **state** habeas corpus petition in the Superior Court of Johnson County, Georgia. In an order filed on June 26, 2009, the **state** habeas corpus court denied relief. On November 30, 2009, petitioner Buckholts' filed an application for a certificate of probable cause to appeal the denial of habeas corpus relief which was dismissed as untimely by the Georgia Supreme Court. Thereafter, on March 29, 2010, the petitioner's motion for reconsideration was denied as untimely. On May 18, 2009, petitioner Buckholts executed the instant **federal** petition.

## LEGAL STANDARDS

In pertinent part, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

Upon a careful review of the record in this case and the arguments of the petitioner and respondent herein, the undersigned finds the respondent's assertion that instant petition is untimely filed to be persuasive. In support of this conclusion, the undersigned observes that petitioner Buckholts's convictions became final on January 22, 2007, the first business day after the expiration of the ten (10) day period for filing a motion for reconsideration in the Georgia Court of Appeals or a notice of intent to apply for certiorari to the Georgia Supreme Court. The petitioner waited until December 5, 2007, some three-hundred-seventeen (317) days later, to file a **state** habeas corpus petition. As such, at the time he filed his **state** action, thus tolling the one (1) year period of limitation described above, the petitioner had forty-eight (48) days after the conclusion of that action in which to timely file a **federal** habeas corpus petition.

As was noted above, on June 26, 2009, the **state** habeas corpus court denied the petitioner's request for relief. In accordance with the provisions of O.C.G.A. § 9-14-52, the petitioner then had thirty (30) days in which to file both a notice of appeal in the superior court and an application for a certificate of probable cause to appeal in the Georgia Supreme Court. The petitioner failed to do either. As a result, tolling of the one (1) year period of limitations brought about by the petitioner's filing of a **state** habeas corpus action ceased on July 27, 2009. Then, on September 13, 2009, two-hundred-forty-seven (247) days prior to the petitioner's May 18, 2010 execution of the instant **federal** petition, the one (1) year period of limitations expired.

## CONCLUSION

In view of the above, it is apparent that petitioner Buckholts' **federal** petition is untimely filed. Accordingly, **IT IS RECOMMENDED** that the respondent's motion seeking dismissal be **GRANTED** and the instant petition **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 5th day of OCTOBER, 2010



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE